UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KIARA JENNINGS aka KIARA ELIE and COREY JENNINGS,
*Petitioners,*

v.

MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,
*Respondents.*

# EMERGENCY WRIT AND MOTION FOR RELIEF

Pursuant to Federal Rules 5, 11, 25, and 60(d); With Request for Writs of Habeas Corpus ad Subjiciendum, Mandamus, Prohibition, and Coram Nobis

## POINT OF ORDER

Petitioners respectfully request that the Court accept this motion in its entirety for its intended legal effect, notwithstanding any procedural, typographical, formatting, or filing irregularities. This filing is submitted in good faith by self-represented parties seeking meaningful redress. The intent and substance of this filing should govern its treatment over any minor technical deficiencies, consistent with the principles of access to justice and constitutional due process.

## I. INTRODUCTION

Petitioners Kiara Jennings (aka Kiara Elie), mother of Rebekka and Santei Elie and biological mother of Qaleem Jennings, and Corey Jennings, legal husband to Kiara and biological father of Qaleem and stepfather to Rebekka and Santei, respectfully bring this federal motion for emergency relief due to ongoing and compounded due process violations, deprivation of fundamental rights, judicial misconduct, family separation under coercion, and bad faith abuse of the child protection system in York County, Maine.

Petitioners have not been afforded a fair or lawful opportunity to preserve their family. Instead, they have been subjected to unlawful removals, fabricated allegations, coercive service plans, exclusion from critical decisions, and retaliatory interference by both state agents and maternal relatives.

## II. FEDERAL RULES INVOKED

**Federal Rule of Civil Procedure 5:**
All parties must be served with copies of pleadings, motions, and court orders. In this matter, Petitioners have repeatedly not been served with critical filings, psychological evaluations, medical records, or investigative outcomes. This systematic lack of notice and access violates Rule 5(b)(2), undermines transparency, and results in the concealment of material facts essential for defense and due process.

**Federal Rule of Civil Procedure 11:**
Pleadings filed by opposing parties have included allegations known to be false, submitted without evidentiary basis, or used to harass, delay, or increase costs. These acts violate Rule 11(b)(1)–(3), which require factual accuracy, legal legitimacy, and purpose consistent with justice.

**Federal Rule of Civil Procedure 25:**
The substitution of parties (including social workers, GALs, or supervisors) during litigation was never properly noticed. Failure to inform Petitioners of key personnel changes, their authority, or decision-making powers directly violates Rule 25(a)(1).

**Federal Rule of Civil Procedure 60(d):**
Petitioners seek relief from orders procured through fraud and misconduct. Rule 60(d)(3) permits independent actions to set aside judgments for fraud on the court, which has occurred here due to false testimony, coercion, and concealment of exculpatory records.

## III. TITLE 18 CRIMINAL VIOLATIONS

**Count 1 – 18 U.S.C. § 241 (Conspiracy Against Rights):**
Petitioners allege that state agents and maternal relatives jointly conspired to deprive Kiara Jennings and Corey Jennings of their constitutional rights to family integrity and parental autonomy.

> "If two or more persons conspire to injure, oppress, threaten, or intimidate any person… in the free exercise or enjoyment of any right… secured to him by the Constitution or laws of the United States… they shall be fined… or imprisoned…" (18 U.S.C. § 241).

**Count 2 – 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law):**
Social workers and their supervisors used their official positions to retaliate against

2

Petitioners based on protected familial relationships, withholding medical and educational rights without lawful justification.

> "Whoever, under color of any law... willfully subjects any person... to the deprivation of any rights... protected by the Constitution or laws of the United States... shall be fined... or imprisoned..." (18 U.S.C. § 242).

**Count 3 – 31 U.S.C. § 3729 (False Claims Act):**
By certifying compliance with Title IV-D and Title IV-E conditions while obstructing reunification, the Department fraudulently induced the receipt of federal funding.

> "Any person who... knowingly presents, or causes to be presented, a false or fraudulent claim for payment... is liable to the United States Government..." (31 U.S.C. § 3729(a)(1)(A)).

## IV. CONTRACTUAL BREACHES UNDER TITLE IV-E AND TITLE IV-D

The State of Maine receives federal reimbursement contingent on compliance with 42 U.S.C. §§ 671–679b. These provisions require active, documented efforts to preserve and reunify families. DHHS's failure to shield Kiara and her children from third-party interference (i.e., her parents), and its refusal to act on family engagement requirements constitutes a breach of this federal compact.

Specifically, under 42 U.S.C. § 671(a)(15):

> "[T]he State shall make reasonable efforts to preserve and reunify families... prior to the placement of a child in foster care..."
> "[T]o place the child in a timely manner in accordance with the permanency plan and complete whatever steps are necessary to finalize the permanent placement of the child..."

The state unlawfully diverted these reunification funds to sustain a custody framework rewarding maternal relatives for isolating and alienating Kiara Jennings.

## V. FAMILY BACKGROUND AND FACTUAL BASIS

Petitioner Kiara married Corey Jennings in August 2024. Prior to this marriage, maternal relatives—including but not limited to Patricia Wilson and Adrienne Hunter—expressed

3

clear and open hostility toward Corey and exerted coercive control over Kiara. When boundaries were set, retaliation followed in the form of CPS calls alleging fabricated abuse. These relatives were rewarded by being granted custody of the children.

The state allowed those individuals to interfere with Kiara's service compliance, manipulated clinical assessments, and concealed results from the parents. The children were questioned without parental presence and subjected to invasive exams without parental consent.

Despite Petitioners' efforts—including hospital admissions for mental health under duress, full participation in parenting programs, and legal motions to contest proceedings—no relief was granted.

## VI. PRAYER FOR RELIEF

Petitioners respectfully request the following:

- **Immediate issuance of writs:**
    - Habeas Corpus Ad Subjiciendum to return the children.
    - Mandamus to enforce lawful reunification duties.
    - Prohibition against further unlawful custody without jurisdiction.
    - Coram Nobis to correct judicial errors that remain unreviewed.
- Injunction preventing DHHS and maternal relatives from further contact or coercion.
- Restraining order against Patricia Wilson and Adrienne Hunter for endangerment and abuse of process.
- Federal oversight over Maine DHHS for Title IV fraud and retaliation.
- Declaration that all orders issued without due process or valid service are null and void.
- Full restoration of custody and constitutional rights to Petitioners.
- Appointment of a conflict-free ombudsman to investigate collusion and financial misappropriation under the Social Security Act.

- Court recognition that this matter warrants emergency relief under 28 U.S.C. § 1651(a) and the All Writs Act.

If the Court requires supporting documentation, evidentiary records, or additional exhibits, Petitioners are willing and prepared to provide such materials upon request. However, due to the severity of the underlying violations, the urgency of harm, and the time-sensitive nature of the case, this Emergency Writ must be presented and considered immediately.

Respectfully submitted,
Kiara Jennings aka Kiara Elie
Corey Jennings
Pro Se Petitioners
Email: kiara.elie@yahoo.com
Phone: (978) 309-9002
Date: May 13, 2025