UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KIARA JENNINGS, et al., | ) |
| | ) |
| Petitioners | ) |
| | ) |
| v. | ) 2:25-cv-00241-SDN |
| | ) |
| MAINE DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent | ) |

| | |
|---|---|
| KIARA JENNINGS, et al., | ) |
| | ) |
| Petitioners | ) |
| | ) |
| v. | ) 2:25-cv-00281-SDN |
| | ) |
| MICHAEL DUDDY, et al., | ) |
| | ) |
| Respondents | ) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT
AND PETITIONS FOR WRITS OF HABEAS CORPUS,
MANDAMUS, PROHIBITION, AND CORAM NOBIS**

In two related cases, Petitioners ask the Court for several writs as well as declaratory and injunctive relief directing the return of their children and the dismissal of child protective proceedings pending in state court. (First Petition, 2:25-cv-00241-SDN, ECF No. 1; Second Petition, 2:25-cv-00281-SDN, ECF No. 1.) In addition to their pleadings, Petitioners filed an application to proceed without the prepayment of the filing fee, (Motion, 2:25-cv-00241-SDN, ECF No. 2), which application the Court granted. (Order, 2:25-cv-00241-SDN, ECF No. 4.) Pursuant to the statute that governs matters filed without

the prepayment of fees, a preliminary review of Petitioners' pleadings is appropriate. 28 U.S.C. § 1915(e)(2). The Court also conducts a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Upon review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

As a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013); *Sirva Relocation, LLC v. Richie,* 794 F.3d 185, 192–93 (1st Cir. 2015). Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption." *Sirva Relocation,* 794 F.3d at 192, 197.

---

[1] Although Petitioners' motion for habeas corpus relief would proceed pursuant to § 2241 rather than § 2254 because they are not in custody pursuant to the judgment of a state court, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases). A preliminary review is also supported under 28 U.S.C. § 2243. Section 2243 provides in pertinent part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." (emphasis added).

The Supreme Court and the First Circuit have concluded that *Younger* applies to child custody actions like the one Petitioners describe. *See Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986) (discussing *Moore v. Sims*, 442 U.S. 415 (1979)). Petitioners have not alleged sufficient facts to permit a plausible finding of extraordinary circumstances to overcome the abstention mandated by *Younger*. For example, Petitioners have not plausibly demonstrated through nonconclusory allegations that the state court has refused to permit Petitioners to raise their federal claims in that forum. *See McLeod v. Maine Department of Health and Human Services*, 229 F.3d 1133, 2000 WL 869512 at *1, (1st Cir. 2000) ("Appellant has not alleged facts showing that the state court is somehow incapable of adjudicating this matter including the federal issues, nor has she alleged an injury that is different than that incidental to every child protection proceeding" where state officers act in good faith) (quotation marks and modifications omitted). Accordingly, I recommend the Court dismiss the matters.[2]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered

---

[2] In addition, a federal court lacks the authority to issue extraordinary writs, such as a writ of mandamus, to direct a state court to issue an order or otherwise to direct state courts or judicial officers in the performance of their official duties. *In Re Martinez*, 778 Fed. App'x 198, 199 (3rd Cir. 2019); *Cross v. Thaler*, 356 Fed. App'x 724, 725 (5th Cir. 2009); *Woods v. Weaver*, 13 Fed. App'x 304, 306 (6th Cir. 2001); *In re Austin*, 8 Fed. App'x 253, 254 (4th Cir. 2001); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998). Petitioners also cite several criminal statutes, but Petitioners do not have standing to pursue criminal charges against any of the respondents. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002).

pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                      /s/ John C. Nivison
                                      U.S. Magistrate Judge

Dated this 2nd day of June, 2025.